THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CALVIN W. MOSHER, Appellant.

Fourth Department, October 21, 1965.

*Lionel E. Krohn* and *Harold Massey* for appellant.

*Arthur A. Darrigrand, District Attorney,* for respondent.

*Per Curiam.* Defendant was convicted, upon a plea of guilty, of sodomy in violation of section 690 of the Penal Law and sentenced to a term of one day to life, pursuant to section 2189-a of the Penal Law. Upon appeal, this court, after considering

the probation report, the medical reports and the various other matters which were before the sentencing Judge, vacated the sentence as inappropriate and remitted the matter to County Court for resentence appropriate to the conditions then prevailing with the aid of an additional and current psychiatric report (*People* v. *Mosher,* 23 A D 2d 814). Defendant now appeals from that resentence which was for an indeterminate term of not less than one year nor more than six years in Attica State Prison.

Upon the record which is before this court, including the most recent psychiatric reports concerning defendant, we are of the opinion, that, under the authority vested in the court by section 543 of the Code of Criminal Procedure and in the interests of justice, the sentence should be modified so that the execution of the sentence is suspended and the defendant is placed on probation. (See *People* v. *Silver,* 10 A D 2d 274; *People* v. *Zuckerman,* 5 N Y 2d 401, 403–404.)

As this court has said in *People* v. *Burghardt* (17 A D 2d 912) '' While the court must consider the protection of the community and impose substantial punishment which will deter others similarly inclined, it must also consider the potential of the defendant for rehabilitation.'' Except for the acts which gave rise to the conviction and sentence which we hereby review, the defendant's character, work record, community status, economic condition and educational background were excellent. He is an unmarried man 39 years of age of above average or superior intelligence with an extensive educational background in the fields of social work and psychology. He holds both a bachelor's and a master's degree from recognized universities and has also accumulated about 60 hours of graduate work beyond the master's degree. He has served in a branch of the armed forces from which he was honorably discharged and since 1952 has been steadily employed, rendering satisfactory service as a case worker for various social agencies and holding positions as school psychologist.

Defendant has no prior arrests. Various psychiatrists who have examined him are in agreement that the act which was the basis of the present conviction is a manifestation of a sexual deviation known as pedophilia (an unnatural attraction to children of the same sex). All are in accord that he is not dangerous in any respect and that his problem is amenable to therapy. To defendant's credit it may be noted that even before the commission of the act in question he himself had realized that he was becoming subject to abnormal desires and on at least three occasions had sought professional treatment. It also appears that

two of these attempts at treatment were frustrated through no fault of the defendant and that the third course of treatment, begun a few months before his arrest, was continued by him up to a time when he voluntarily committed himself to Utica State Hospital. Defendant has at all times shown an understanding of his affliction and a ready willingness to co-operate in therapy directed at neutralizing his neurotic tendencies. He is remorseful over his misconduct and evidences what appears to all who have examined him to be a genuine desire to reform.

The regard in which defendant is held in his community is demonstrated by the fact that about 100 persons in the area, including four expert psychiatrists, educators and community leaders, submitted recommendations to the sentencing court that he be placed on probation. Most significantly, among this group were also the parents of the youth who was the victim of the criminal act for which defendant was convicted. They have specifically requested that the defendant be given a chance for treatment and not incarceration. The two psychiatrists who conducted the most recent examination of defendant at the court's direction before resentence were firm in their recommendation for probation, with emphasis upon the need for continued therapy of a kind not available in a State prison if defendant is to make a satisfactory social adjustment. They also felt that incarceration was unnecessary and could be detrimental to the defendant's recovery. In view of the more enlightened philosophy towards the handling of sex offenders, the defendant's many strengths, the psychiatric reports, the many written and verbal requests of community leaders and the defendant's present attitude, the probation officer also recommended probation.

The Legislature and courts of this State have recognized that treatment is an integral and essential part of a program to be followed in the penal system when sexual psychopaths are involved. (See L. 1950, ch. 525; People v. Jackson, 20 A D 2d 170; People ex rel. Kaganovitch v. Wilkins, 23 A D 2d 178.) In the case of this defendant, we are satisfied that the treatment required is not available within the confines of a penal institution, but would be available to defendant if he were on probation; that he does not present a probable behavior problem which would render it dangerous to release him now; that the interests of the community will best be served by rehabilitating defendant so that he may make use of his specialized training and education and contribute meaningfully to society; that, under all the circumstances of this case, the interests of justice dictate that execution of defendant's sentence be suspended and

defendant be placed on probation for a term not to exceed five years and with such terms and conditions to be imposed by the County Court Judge as will assure intensive therapy and employment of defendant in a field removed from activities of young people. The matter is remitted to County Court of Oneida County for further proceedings, in accordance with this opinion.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgment unanimously modified in accordance with the opinion and matter remitted to the County Court of Oneida County for further proceedings in accordance with the opinion.